# Hagginbotham, Appellant, *v.* Montgomery County.

*Public officers—County treasurer—Allowance for postage stamps—Act of May 29, 1907, P. L. 308.*

On a case stated to determine whether the Act of May 29, 1907, P. L. 308, requires the county commissioners to furnish the county treasurer with postage stamps and stamped envelopes, judgment will be entered in favor of the county treasurer, where the case stated contains a plain agreement that the plaintiff is obliged to use and to be supplied with postage stamps and stamped envelopes in pursuance of his duties as treasurer.

Argued Dec. 4, 1912.   Appeal, No. 145, Oct. T., 1912, by plaintiff, from judgment of C. P. Montgomery Co., Dec. T., 1911, No. 76, on case stated in suit of William M. Hagginbotham, Treasurer of Montgomery County, v. Montgomery County.   Before RICE, P. J., HENDERSON, MORRISON, HEAD and PORTER, JJ.   Reversed.

Case stated to determine liability of a county to county treasurer for postage.

The court entered judgment for defendant on case stated.

*Error assigned* was in entering judgment for defendant on the case stated.

*Samuel A. Whitaker*, for appellant.—The act of 1907 adds "blanks, dockets, supplies" to what the county commissioners were theretofore required to furnish to the county treasurer, and it is upon the meaning of the word "supplies," which was not included in the former acts, that the plaintiff's claim turns.

Supplies includes postage: Hazle Twp., 6 Kulp, 491; Strickland v. Stiles, 33 S. E. Repr. 85; Jones v. Eubanks, 12 S. E. Repr. 1065; Trimble v. Durham, 12 So. Repr. 207; Kollock v. Parcher, 9 N. W. Repr. 67; Gibbons v. The C. J. Caffrey, 40 Mo. 257.

*John Faber Miller*, with him *C. S. Sheive*, for appellee.

The claim was properly disallowed: Lyon v. Adams, 4 S. & R. 443; Thomas v. County Commissioners, 6 Phila. 411; Swope v. Adams County, 2 Walker, 498; Close v. Berks County, 2 Woodward, 453; Fry v. Berks County, 38 Pa. Superior Ct. 449; Lehigh County v. Semmel, 124 Pa. 358; Rothrock v. School Dist., 133 Pa. 487; Schuylkill County v. Pepper, 182 Pa. 13; In re Court Officers, 3 Pa. Dist. Rep. 196; Wren v. Luzerne Co., 6 Kulp, 37; Smith v. Philadelphia, 5 Phila. 1.

In absence of statutory provision therefor, a sheriff was not entitled to an allowance for stationery, in Armsby v. Warren County, 20 Ill. 126, and Bryner v. Peoria County, 24 Ill. 195.

A clerk of courts has only such power to purchase supplies as is given him by statute: Clark County v. Scott, 21 Ark. 467; Peoria County v. Roche, 65 Ill. 77; State v. McConnell, 28 Ohio State, 589.

An allowance for stationery, blanks and record books for county offices is illegal in absence of statute authorizing such allowance: Desha County v. Newman, 33 Ark. 788; Towsley v. Ozaukee County, 60 Wis. 251.

No allowance can be made to a county auditor for stamps used in his office, since the act of March 12, 1875, sec. 11, provides that each county auditor shall receive a fixed salary for his services and no more: Hanlon v. Floyd County Commissioners, 53 Ind. 123.

The three statutes above cited, clearly show the intention of the legislature to limit expenditures for specified articles only: Plummer v. Blair County, 22 Pa. C. C. Rep. 398; Clark v. Crawford County, 21 Pa. C. C. Rep. 247.

OPINION BY MORRISON, J., July 16, 1913:

This is a case stated for the judgment of the court upon the question whether the Act of Assembly of May 29, 1907, P. L. 308, requires the county commissioners to furnish the county treasurer with postage stamps and

stamped envelopes. The necessary facts were agreed upon in the case stated and upon argument and consideration, the learned court below decided the question involved against the plaintiff and entered judgment in favor of the defendant, with costs of suit, in an opinion which sets forth the views of the court below.

The several acts of assembly discussed by the court and the counsel are the following: First, the Act of April 25, 1889, P. L. 52, which reads as follows: "That from and after the passage of this act, the county commissioners of the several counties of this commonwealth shall, at the proper cost of the respective counties, furnish the office furniture, books and stationery required for each of the county officers hereinafter named, whose offices are located in the county buildings at the county seat, namely: prothonotary, clerks of the several courts, register of wills, recorder of deeds, commissioners and treasurer; also all needed fuel and light." Second, the Act of June 18, 1895, P. L. 197, which amends the former act and as amended reads as follows: "That from and after the passage of this act the county commissioners of the several counties of this commonwealth shall, at the proper cost of the respective counties, furnish the office furniture, blank books and stationery required for each of the county officers whose offices are located in the county buildings at the county seat; also printed court calendars and trial lists of the respective courts of common pleas for the use of the officers and attorneys of said courts, and all needed fuel and light." Then comes the Act of May 29, 1907, P. L. 308, amendatory of the Act of April 25, 1889, P. L. 52, so as to include certain additional articles of supply, and to repeal the Act of June 18, 1895, P. L. 197. The act as amended reads as follows: "That from and after the passage of this act, the county commissioners of the several counties of this commonwealth shall, at the proper cost of the respective counties, furnish the office furniture, blank books, blanks, dockets, supplies, and stationery required for each of the county officers whose offices are

located in the county buildings at the county seat, and all needed fuel and light; also printed court calendars and trial lists of the respective county courts, for the use of the officers and attorneys of said courts.

"Section 2. The act of June eighteenth, Anno Domini one thousand eight hundred and ninety-five (Pamphlet Laws, one hundred and ninety seven), is hereby repealed."

The case stated agrees upon facts authorizing the court below to either enter a judgment for a stated sum in favor of the plaintiff or a judgment in favor of the defendant. Among the material facts agreed to in the statement of the case are the following: "In the conduct of the business of the office of treasurer of the said county, the plaintiff is obliged to use and be supplied with postage stamps and stamped envelopes for the purpose of conducting correspondence with taxpayers and public officials and in performance of his duties as treasurer, and has from time to time requested and demanded of the county commissioners of the said county that at the proper cost of the said county of Montgomery they furnish the postage stamps and stamped envelopes necessary and required for the use of the plaintiff as aforesaid." The case stated also avers the refusal of the county commissioners to furnish said postage stamps and stamped envelopes, and it is agreed that the amount of the same is $219.70 for which judgment may be entered in favor of the plaintiff, if in the opinion of the court, it is and was the duty of the county commissioners of the said county to furnish postage stamps and stamped envelopes required for the use of the plaintiff in carrying on the business of his office as county treasurer during the years aforesaid.

In the above quotation from the case stated there is a plain agreement that the plaintiff is obliged to use and to be supplied with postage stamps,. and stamped envelopes . . . . in pursuance of his duties as treasurer. Webster's definition of the word "oblige" is to constrain by physical, moral, or legal force; to bind by any restraint. In view of this agreement in the case stated we

are forced to a different conclusion than was reached by the learned court below.   It is not necessary to discuss or indicate what our opinion would have been as to the liability of the county in pursuance of the above-quoted acts of assembly, relied on by the plaintiff, in the absence of the above-quoted agreement from the case stated. Consideration of the three acts of assembly and especially the one of May 29, 1907, P. L. 308, leads us to the conclusion that the plaintiff is entitled to a judgment for the amount agreed upon as the value of the postage stamps and stamped envelopes which he was obliged to use and to be supplied with for the purpose of performing his duties as treasurer.   In our opinion, upon the agreed facts, the plaintiff's claim comes within the legislative intent as expressed in the Act of May 29, 1907, and having reached this conclusion we do not deem it necessary or profitable to discuss and distinguish the several authorities cited by the court below as well as those cited by the respective counsel.

In the argument of appellee's learned counsel it is contended that "the county treasurer in the performance of his duties, under the act of 1868 and its supplements, does not require the use of postage stamps and stamped envelopes.   His use of the mails is a matter of convenience and not of necessity.   The county treasurer is furnished with an office where he receives taxes.   At stated intervals he travels about the county and sits at places, at times advertised, to receive taxes.   If the public does not choose to pay its taxes at these convenient places, it must travel to the county seat and there pay its taxes. . . .   There is no law which requires correspondence with taxpayers by the county treasurer in the performance of his duties." In view of the agreement in the case stated above quoted, we fail to see any force in this contention.   If it had not been agreed that the plaintiff is obliged to use and to be supplied with postage stamps and stamped envelopes in the performance of his duties, this argument of appellee's learned counsel would be entitled to very careful con-

sideration.   But the facts agreed upon are a complete answer to this contention in the present case.

It will not be overlooked that we decide this case upon the narrow ground of the agreement contained in the case stated which we have quoted and commented upon.

The assignments of error are sustained and the judgment is reversed, and judgment is here entered in favor of the plaintiff and against the defendant for the sum of $219.70, with costs, including the costs of this appeal.